IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE W. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 13-545-MJR-DGW |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| SOUTHERN ILLINOIS UNIVERSITY, | ) |
| Governing SOUTHERN UNIVERSITY | ) |
| EDWARDSVILLE; KENNETH | ) PLAINTIFF DEMANDS TRIAL BY |
| NEHER, and FRANK ZALOGA, | ) JURY |
| Individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff, George W. Johnson, by and through his attorneys, D. Jeffrey Ezra and Ezra & Associates, LLC, and for his causes of action against the Defendants, states as follows:

## PARTIES

1. **Plaintiff, George W. Johnson:** Plaintiff, George W. Johnson (hereinafter "Johnson") was at all times relevant herein a resident in the Southern District of Illinois with his principal residence located in East Alton, Illinois.

2. **Defendant, Board of Trustees of Southern Illinois University, governing Southern Illinois University Edwardsville:** Defendant, Board of Trustees of Southern Illinois University, governing Southern Illinois University Edwardsville (hereinafter "SIUE") was at all relevant times herein an agency of the State of Illinois, with its principal place of business located at 1490 Douglas Drive, Carbondale, Illinois 62901. Defendant is a nine (9) member board, seven (7) of which are appointed by the Governor of Illinois and confirmed by the Illinois

State Senate; two (2) are elected by student bodies of Southern Illinois University at Carbondale and Edwardsville. The Southern Illinois University Board of Trustees oversees, manages, and controls Southern Illinois University at Edwardsville, located in the Southern District of Illinois, with a principal address of 6 South Illinois 157, Edwardsville, Illinois 62026. The Board of Trustees of Southern Illinois University has approximately 2,064 full time employees, and at all times pertinent hereto was an employer within the meaning of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e (b).

3. **Defendant, Kenneth Neher:** Defendant, Kenneth Neher (hereinafter "Neher") was at all relevant times herein an employee of SIUE and acting either as supervisor or investigator, and is a resident of the Southern District of Illinois, with his principal residence located in Edwardsville, Illinois. That at all times relevant herein, Neher was Vice Chancellor for Administration for SIUE, which included his oversight of the Department Facilities Management.

4. **Defendant, Frank Zaloga**: Defendant, Frank Zaloga (hereinafter "Zaloga") was at all times relevant herein an employee of SIUE and acting as Assistant Director Alton and East St. Louis Operations, and is a resident of the Southern District of Illinois, with his principal residence located in Bond County, Illinois.

## JURISIDICTION

5. This action for legal relief and money damages arises under, and the jurisdiction of this court is invoked, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.; the Civil Rights Act of 1991 ("CRA '91"), 42 U.S.C. § 1981 and § 1983. Plaintiff also invokes the supplemental jurisdiction of this Court to decide ancillary and/or pendant claims arising under state law.

6. Johnson properly and timely filed a charge with the EEOC against SIUE for discrimination and retaliation based on race in violation of Title VII of the Civil Rights Act of 1964. His right to sue letter was issued/mailed on March 13, 2013. This Complaint, therefore, is filed within the 90 day period allowed by law for such filing. A copy of the right to sue letter is attached hereto and incorporated by reference herein as Exhibit A.

## VENUE

7. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 (e) in that Johnson is a resident of the Southern District of Illinois; that the Defendant, a State Agency, operates a university/facility in the Southern District of Illinois, the individual Defendant is a resident of the Southern District of Illinois, and all or a substantial parts of the events or omissions giving rise to the claim as described hereinafter occurred within the Southern District of Illinois.

## GENERAL ALLEGATIONS

8. That Johnson is an African American male who at all times herein was an employee of SIUE. As of April 16, 2012, he was a building mechanic in the Department of Facilities Management for SIUE. Johnson possesses a Bachelor's degree.

9. That in April of 2012, the Human Resources Department of SIUE posted a Civil Service Posting #12-98, for internal applicants only, for the job of Assistant Superintendant of Building Services - Facilities Management.

10. At the time of it posting, the position was a "goal oriented" and "underutilized" job. Thus, as posted on April 16, 2012, it was subject to the implementation of the Affirmative Action Program and Policy at SIUE, which covered "underutilized" jobs and openings

designated "as goal-related positions" for the desired result of having, hiring, and/or promoting internal minority candidates at SIUE.

11. That among other responsibilities, the job of Assistant Superintendant of Building Services - Facilities Management - encompassed the following:

> Supports the Assistant Director of Facilities Management, Alton, and East St. Louis Operations, with the operation, maintenance, and management of the East St. Louis Campus, through conducting procurement of supplies, directing monitoring work activities, performing liaison duties with campus departments, and performing other tasks as assigned.

12. That between May of 2003, when Johnson was hired, and the posting of the job of Assistant Superintendant of Building Services - Facilities Management on April 16, 2012, Johnson had performed every and all activities, at one time or another, of those described within the Civil Service Posting #12-98 for the position of Assistant Superintendant of Building Services - Facilities Management.

13. That among other minimum qualifications, the Civil Service Posting #12-98 specifically stated, "Applicants compete by examination."

14. That Johnson submitted an application for the job of the Assistant Superintendant of Building Services - Facilities Management, and undertook the examination as required. Johnson scored a 95 on that examination, which, at the time, was the highest score ever attained on an examination for that job.

15. That as of April, 2012, and before and after, two individuals in the positions of authority above Johnson, retiring Assistant Superintendent, James Devall, and Defendant, Zaloga were friends with an individual by the name of Teddy Snyder. All the men are Caucasian.

16. Even before the position of Assistant Superintendant of Building Services - Facilities Management was filled, Snyder performed personal services for some of the executive officers, directors, vice-chancellors and/or others in the "upper" management at SIUE. This work included, but was not limited to, painting, house repairs and other work of personal nature for those individuals.

17. Teddy Snyder also applied for the job of Assistant Superintendant of Building Services - Facilities Management, and took the civil service examination required pursuant to the job posting. He initially scored approximately 63.

18. Notwithstanding his incredibly poor performance on the original examination, Zaloga (and James Devall) allowed Teddy Snyder to re-take the test, whereupon he scored a 93. Teddy Snyder was offered and accepted the job of Assistant Superintendant of Building Services - Facilities Management, and is currently in that position.

19. At the time of his acceptance of the job, Teddy Snyder had no college degree, no experience in that position, was never in that department (Facilities Management) and thus, had to be trained.

20. That after the job had been given to Teddy Snyder, Johnson inquired how the Affirmative Action Program was supposed to be implemented and/or minority candidates to be protected for internal job positions that were underutilized and/or goal-oriented. He received no response.

### COUNT I
### (42 U.S.C. § 2000 et seq.; Title VII; 42 U.S.C. § 1981)

21. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-20 above as if set forth at length herein.

22.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981 against the Board of Trustees of Southern Illinois University governing Southern Illinois University Edwardsville (hereinafter "SIUE").

23.     Specifically, Johnson complains of SIUE's violation of Title VII's prohibition against discrimination and retaliation in employment based in whole or in part upon an employee's race.

24.     That SIUE used the job posting as one of a underutilized and/or goal related position to ensure that George Johnson, or any other minority would not obtain that job but yet provide the "air" that it was being "fair" under the school's Affirmative Action Program. Further evidence of the pre-textual nature of its actions in ensuring Johnson would not get the position includes, but is not limited to, the following:

   a)  Allowing Teddy Snyder to re-take the examination when it became apparent that his initial score was disastrously and woefully poor, and he unqualified;

   b)  Not inquiring or investigating the "new" score obtained by Teddy Snyder, which represented more than a thirty percent increase than his prior test result, a result which in itself is questionable;

   c)  Failed to adhere to job proscriptions that applicants would "compete by examination" by failing to give the job to the individual who received the highest score in the history of that particular exam;

   d)  Gave the job to a Caucasian male who had no experience in the job nor had never been part of the Facilities Management department.

25.     That as a direct and proximate result of Defendant, SIUE's actions and violations of Title VII, 42 U.S.C. § 2000 et seq., and violations of 42 U.S.C. § 1981, as set forth herein, Johnson injured and/or harmed in one or more of the following respects:

a) He suffered pain and suffering, including but not limited to, emotional pain and distress, inconvenience, mental anguish and/or loss of enjoyment of life; and/or

b) He was caused to suffer reduction in pay and benefits from that to which he would have been otherwise entitled had he been able to obtain the position of Assistant Superintendent of Building Services - Facilities Management; and/or

c) He was humiliated, greatly embarrassed both professionally and personally, and suffered a loss of reputation in his professional endeavor; and/or

d) Has suffered a loss of earning capacity and is reasonably certain to suffer such loss in the future in his chosen field of endeavor.

26. That as Johnson has suffered and incurred such as delineated in the immediately preceding paragraph, he prays he be entitled to the following damages:

a) Compensatory damages for emotional pain, suffering and inconvenience; and/or

b) The differential in pay and his benefits between and or among that to which he would have been entitled had he been able to obtain the job for which he was qualified versus the monetary loss in benefits and/or salary in the continuing position he was required to stay; and/or

c) Back pay; and/or

d) Differential pay between from what Johnson received and that of the employee who ultimately got the position until the present; and/or

e) Punitive damages as, for and since Defendants acted with malice and/or reckless indifference, regarding his protected rights; and/or

f) Attorney's fees for the amounts for which his counsel has expended and incurred in the prosecution of this matter; and/or

g) Any other judicial or equitable relief as this Court deems just and appropriate.

27. Defendants' actions as set forth herein were willful, intentional, and malicious and justifying an award of punitive damages.

WHEREFORE, Plaintiff, George W. Johnson prays for judgment against the Defendants, Board of Trustees of Southern Illinois University, Governing Southern University Edwardsville, in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the jurisdictional limit of this Court, for lost wages and benefits; for front pay; for emotional distress and mental anguish; for loss of enjoyment of life; for loss of earning capacity; for attorney's fees and costs of litigation; for punitive damages; and such other and further relief as this Court may deem just and appropriate.

## COUNT II
## (42 U.S.C. § 1983)

28. That for Paragraph 28 of Count II of this Complaint Johnson realleges and incorporates Paragraphs 1-27 as though fully set forth herein.

29. That the discrimination and retaliation directed toward Johnson was because of his race.

30. That SIUE's failure and/or refusal to protect Johnson given such blatant and obvious racial discrimination, i.e., constituted an express policy of SIUE and/or a widespread practice of racial discrimination toward Johnson with such being in violation of 42 U.S.C. § 1983.

31. That the discriminatory and retaliatory conduct directed toward Johnson was, and is, part of its pattern by the Facilities Management Department, to make sure that capable and qualified minority candidates not be hired, promoted, or apply for job openings in that Department.

32. That Johnson made known throughout this event of the racial discrimination directed toward him by SIUE.

33. That as a result, Johnson's supervisors, and those in upper management of the school, were aware of the complaints made by him regarding the racial discrimination in the workplace and yet did nothing and/or failed to act when having been provided such information.

34. That the actions and conduct as alleged were acts under color of State law; that SIUE intentionally acted to deprive Johnson of his rights, privileges, or immunities secured by the Constitution of the United States namely his right of equal protection under the Fourteenth Amendment thereby constituting a violation under 42 U.S.C. § 1983.

35. That as a direct and proximate result of the Defendants actions in violation of 42 U.S.C. § 1983, Johnson was injured and/or harmed in one or more of the following respects:

   a) He suffered pain and suffering, including but not limited to, emotional pain and distress, inconvenience, mental anguish and/or loss of enjoyment of life; and/or

   b) He was caused to suffer reduction in pay and benefits from that to which he would have been otherwise entitled had he been able to obtain the position of Assistant Superintendent of Building Services - Facilities Management; and/or

   c) He was humiliated, greatly embarrassed both professionally and personally, and suffered a loss of reputation in his professional endeavor; and/or

   d) Has suffered a loss of earning capacity and is reasonably certain to suffer such loss in the future in his chosen field of endeavor.

36. That as Johnson has suffered and incurred such as delineated in the immediately preceding Paragraph he prays he would be entitled to the following damages:

   a) Compensatory damages for emotional pain, suffering and inconvenience; and/or

   b) The differential in pay and his benefits between and or among that to which he would have been entitled had he been able to obtain the job for which he was qualified versus the monetary loss in benefits and/or salary in the continuing position he was required to stay; and/or

  c)  Back pay; and/or

  d)  Differential pay between from what Johnson received and that of the employee who ultimately got the position of Assistant Superintendent of Building Services - Facilities Management until the present; and/or

  e)  Punitive damages as, for and since Defendants acted with malice and/or reckless indifference, regarding his protected rights; and/or

  f)  Attorney's fees for the amounts for which his counsel has expended and incurred in the prosecution of this matter; and/or

  g)  Any other judicial or equitable relief as this Court deems just and appropriate.

  37.  SIUE's actions as set forth herein were willful, intentional, and malicious and justifying an award of punitive damages.

WHEREFORE, Plaintiff, George W. Johnson, prays for judgment against the Defendant, Board of Trustees of Southern Illinois University, Governing Southern University Edwardsville, in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the jurisdictional limit of this Court for lost wages and benefits; for front pay; for emotional distress and mental anguish; for loss of enjoyment of life; for loss of earning capacity; for attorney's fees and costs of litigation; for punitive damages; and such other and further relief as this Court may deem just and appropriate.

## COUNT III
## (42 U.S.C. § 1983)

  38.  That for Paragraph 38 of Count III of this Complaint Johnson realleges and incorporates Paragraphs 1-37 as though fully set forth herein.

  39.  That Defendants, Neher and Zaloga directly participated in the discriminatory conduct described hereinabove not only to deprive Johnson of the job of Assistant Superintendant of Buildings - Facilities Management, but as part of a broader policy of

discrimination directed toward African Americans within the Facilities Management Department.

  40. That the actions and conduct as alleged were acts under color of State law; that SIUE intentionally acted to deprive Johnson of his rights, privileges, or immunities secured by the Constitution of the United States namely his right of equal protection under the Fourteenth Amendment thereby constituting a violation under 42 U.S.C. § 1983.

  41. That as a direct and proximate result of the Defendants actions in violation of 42 U.S.C. § 1983, Johnson was injured and/or harmed in one or more of the following respects:

  a) He suffered pain and suffering, including but not limited to, emotional pain and distress, inconvenience, mental anguish and/or loss of enjoyment of life; and/or

  b) He was caused to suffer reduction in pay and benefits from that to which he would have been otherwise entitled had he been able to obtain the position of Assistant Superintendent of Building Services - Facilities Management; and/or

  c) He was humiliated, greatly embarrassed both professionally and personally, and suffered a loss of reputation in his professional endeavor; and/or

  d) Has suffered a loss of earning capacity and is reasonably certain to suffer such loss in the future in his chosen field of endeavor.

  42. That as Johnson has suffered and incurred such as delineated in the immediately preceding Paragraph he prays he would be entitled to the following damages:

  a) Compensatory damages for emotional pain, suffering and inconvenience; and/or

  b) The differential in pay and his benefits between and or among that to which he would have been entitled had he been able to obtain the job for which he was qualified versus the monetary loss in benefits and/or salary in the continuing position he was required to stay; and/or

  c) Back pay; and/or

  d)  Differential pay between from what Johnson received and that of the employee who ultimately got the position of Assistant Superintendent of Building Services - Facilities Management until the present; and/or

  e)  Punitive damages as, for and since Defendants acted with malice and/or reckless indifference, regarding his protected rights; and/or

  f)  Attorney's fees for the amounts for which his counsel has expended and incurred in the prosecution of this matter; and/or

  g)  Any other judicial or equitable relief as this Court deems just and appropriate.

43. Neher and Zaloga's actions as set forth herein were willful, intentional, and malicious and justifying an award of punitive damages.

WHEREFORE, Plaintiff, George W. Johnson, prays for judgment against Defendants, Kenneth Neher and Frank Zaloga, in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the jurisdictional limit of this Court for lost wages and benefits; for front pay; for emotional distress and mental anguish; for loss of enjoyment of life; for loss of earning capacity; for attorney's fees and costs of litigation; for punitive damages; and such other and further relief as this Court may deem just and appropriate.

## COUNT IV
### (Illinois Civil Rights Act 740 ILCS 23/5)

44. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-43, as if set forth fully herein.

45. This Count is brought under the Illinois Civil Rights Act, 740 ILCS 23/5.

46. That SIUE, by and/or through its supervisors, including but not limited to Neher and Zaloga subjected Plaintiff to racial discrimination based on his status as an African American, in that it denied Plaintiff the benefits to which he was entitled under SIUE's policies, wrongfully failed to promote him to a position as Assistant Superintendent of Buildings -

Facilities Management, and gave false, pre-textual reasons for its actions and omissions in the following, but not limited to the following ways:

    a) Allowing Teddy Snyder to re-take the examination when it became apparent that his initial score was disastrously and woefully poor, and he unqualified;

    b) Not inquiring or investigating the "new" score obtained by Teddy Snyder, which represented more than a thirty percent increase than his prior test result, a result which in itself is questionable;

    c) Failed to adhere to job proscriptions that applicants would "compete by examination" by failing to give the job to the individual who received the highest score in the history of that particular exam;

    d) Gave the job to a Caucasian male who had no experience in the job nor had never been part of the Facilities Management department.

47. As a direct and proximate result of the actions of Defendant, SIUE's Board of Trustees and Neher in violating the Illinois Civil Rights Act, 740 ILCS 23/5, Plaintiff was injured in one or more of the following respects:

    a) He suffered pain and suffering, including but not limited to, emotional pain and distress, inconvenience, mental anguish and/or loss of enjoyment of life; and/or

    b) He was caused to suffer reduction in pay and benefits from that to which he would have been otherwise entitled had he been able to obtain the position of Assistant Superintendent of Building Services - Facilities Management; and/or

    c) He was humiliated, greatly embarrassed both professionally and personally, and suffered a loss of reputation in his professional endeavor; and/or

    d) Has suffered a loss of earning capacity and is reasonably certain to suffer such loss in the future in his chosen field of endeavor.

48. Inasmuch as Plaintiff has suffered the damages set forth above, he prays for the following relief:

a) Compensatory damages for emotional pain, suffering and inconvenience; and/or

b) The differential in pay and his benefits between and or among that to which he would have been entitled had he been able to obtain the job for which he was qualified versus the monetary loss in benefits and/or salary in the continuing position he was required to stay; and/or

c) Back pay; and/or

d) Differential pay between from what Johnson received and that of the employee who ultimately got the position of Assistant Superintendent of Building Services until the present; and/or

e) Punitive damages as, for and since Defendants acted with malice and/or reckless indifference, regarding his protected rights; and/or

f) Attorney's fees for the amounts for which his counsel has expended and incurred in the prosecution of this matter; and/or

g) Any other judicial or equitable relief as this Court deems just and appropriate.

WHEREFORE, Plaintiff, George W. Johnson, prays for judgment against the Defendants, Board of Trustees of Southern Illinois University, Governing Southern Illinois University Edwardsville and Kenneth Neher, Individually, and for an award of damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); for front and back pay; emotional harm, loss of enjoyment of life, loss of reputation, loss of earning capacity, attorney's fees and costs, punitive damages, and any other remedy or relief deemed appropriate.

EZRA & ASSOCIATES, LLC

**/s/ D. Jeffrey Ezra**
D. Jeffrey Ezra #06192516
850 Vandalia, Stes. 310-320
Collinsville, IL 62234
Ph: 618/346-1000
Fx: 618/346-0650
jeff@ezralaw.com

*Attorneys for Plaintiff*