IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE W. JOHNSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Governing SOUTHERN ILLINOIS UNIVERSITY EDWARDSVILLE; KENNETH NEHER, and FRANK ZALOGA, Individually,<br><br>        Defendant. | Case No. 13-545-SMY-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' bill of costs (Doc. 44). Plaintiff has filed an objection (Doc. 48). Defendants filed their bill of costs seeking a total of $934.20. Specifically, Defendants seek $27.30 for copying costs related to Plaintiff's Illinois Department of Human Rights File, $60.45 for document reproduction, $526.25 for deposition costs related to deposing Plaintiff, and $320.20 for deposition costs related to deposing defense witnesses Paul Pitts, Teddy Snyder, and defendant Frank Zaloga. Plaintiff objects that the deposition costs for Southern Illinois University's employees were unnecessary and requests that the Court exercise its discretion and deny, in part, Defendants' bill of costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5)

>Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The Court presumes that a prevailing party is entitled to costs as a matter of course, but has the discretion to deny or reduce costs where warranted.  *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  This presumption in favor of awarding costs is difficult for the non-prevailing party to overcome.  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997).  Unless the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them."  *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

First, the Court must determine whether the cost is authorized by statute.  *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).  Then, the Court must determine whether the cost is necessary and reasonable.  *Id*.  The Court must be mindful that the Supreme Court has narrowly interpreted 28 U.S.C. § 1920 and taxable costs are "modest in scope" and "limited to relatively minor, incidental expenses."  *Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, Case No. 12-2074, 2013 WL 1789728, at *7 (4th Cir. April 29, 2013) (quoting *Taniguchi v. Kan P. Saipan, Ltd*., 132 S. Ct. 1997, 1999-2000 (2012)).  The Supreme Court has also "emphasized that 'costs almost always amount to less than the successful litigant's total expenses.'"  *Country Vintner of North Carolina, LLC*, 2013 WL 1789728, at *7 (quoting *Taniguchi*, 132 S. Ct. at 2006).   The Court will now consider Phillips' objections in turn.

Defendants seeks to recover costs for depositions of its employees in the amount of $320.20 for deposition costs related to deposing defense witnesses Paul Pitts, Teddy Snyder, and defendant Frank Zaloga.  Plaintiff objects arguing these depositions were not necessary because these individual were Southern Illinois University employees to which the Defendants had access

to at any time. Plaintiff further asserts that the depositions were not necessary as they were only referred to in the Motion for Summary Judgment a handful of times. However, Plaintiff fails to cite any authority to support this argument.

The Seventh Circuit has rejected Plaintiff's argument. The *Cengr* court explained as follows:

> [p]laintiff advances the argument that because the depositions ordered were those of the defendant's employees, they were not necessary, as those employees were available to the defendant without ordering their depositions. We find such a suggestion ludicrous. The idea that employers should rely on the oral statements or affidavits of their employees rather than depositions which were already taken is a suggestion we will not entertain.

*Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). The deposition costs were the only portion of the Bill of Costs to which Plaintiff objected. Accordingly, the Court overrules Plaintiff's objection and **DIRECTS** the Clerk of Court to tax costs in the amount of $934.20.

**IT IS SO ORDERED**.

**DATED:** December 9, 2014

                                                             s/ Staci M. Yandle
                                                             **STACI M. YANDLE**
                                                             **DISTRICT JUDGE**